Eastern District of Kentucky
F I L E D
FEB 20 2020
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 19-59

**MICHAEL D. PENNINGTON,**                            **PLAINTIFF,**

v.          **MEMORANDUM OPINION AND ORDER**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY,**          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on October 5, 2016, alleging disability beginning in April 2016, due to "bulging disc in back, knee pain and problems, Leiden factor 5, blood clots in lungs, depression / anxiety, COPD [and] thyroid problems." (Tr. 268). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Joyce Francis (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jane Hall, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 47 years old at the time he alleges he became disabled. He has a high school education (Tr. 270). His past relevant work experience consists of work as a laborer and shuttle car operator in the coal industry.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2016, the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity in conjunction with lumbar degenerative disc disease, Factor V Leiden, bilateral knee meniscus tears, anxiety and depression, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but

determined that he has the residual functional capacity ("RFC") to perform light work with certain postural, environmental and mental limitations.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must consider whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial

evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ did not properly take into regard his subjective complaints of pain. Yet, his argument consists almost entirely of listing his impairments and making conclusory statements. This is not enough to disturb the ALJ's decision.

The only assertion he makes with specificity is his contention that the ALJ disregarded the opinion of a treating physician, Greg Dye, M.D. Dr. Dye completed a medical assessment of ability to do work related activities (physical) on May 15, 2017. He opined that Plaintiff's impairments affect his lifting/carrying, and the most he can lift/carry is less than 20 lbs. and can only do that for 1/3 or very little of an 8-hour day. He further opined that he can only walk for a total of 2 hours out of an 8-hour day and can only walk without interruption for less than 20 minutes. Dr. Dye suggested that he can never climb, balance, stoop, crouch, kneel, or crawl or push/pull because of his impairments and his environmental restrictions are heights, moving machinery, chemicals, dust, fumes, humidity, and vibrations. (Tr. 632-633).

Dr. Dye completed another medical assessment of ability to do work related activities (physical) on August 22, 2016 in which he opined a maximum of 20 lbs. lifting and that he could walk less than 4 hours a day and less than 30 minutes without interruption. He suggested standing/walking limit of less than 4 hours per day and less than 30 minutes without interruption. Dr. Dye again opined that Plaintiff could never climb, balance, stoop, crouch, crawl, or bend (Hearing Transcript pages 949-951).

4

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The ALJ reviewed Dr. Dye's opinions and records and gave them "little weight." The ALJ explained that the opinions were expressed in mostly a check-the-box format with little supporting criteria. Further, the ALJ noted that the dire opinion of Dr. Dye is not supported by his own treatment notes. The ALF also pointed out that the medical record as a whole reveals conservative treatment and that Plaintiff's daily activities belie an opinion of complete disability.

The Court finds that the ALJ gave good reasons, supported by the record, for rejecting Dr. Suzanne Ford's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th 2004)( The ALJ must provide "good reasons" for discounting a treating physician's opinion, and the reasons must be "sufficiently specific" so any reviewers will know the ALJ's reasoning for ascribing a particular weight to the opinion). This is all that is required.

As for Plaintiff's contention that the ALJ ignored his Factor V Leiden, it is without support. The ALJ specifically considered Plaintiff's Factor V Leiden noting that Plaintiff has and will continue to take a blood thinner due the genetic clotting disorder; however, this has never prevented him from working and Plaintiff testified that he experienced no side effects from the effective anti-coagulant prescription medication Warfarin (Coumadin) (Tr. 112; Tr. 138-140).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___ day of _____, 2019.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

6